**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| LLOYD GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:24-cv-00114-SNLJ |
| | ) |
| CITY OF CAPE GIRARDEAU, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Lloyd Gilmore's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) and for review under 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court will grant Plaintiff's Application, assess an initial partial filing fee of $1.00, and dismiss this action without prejudice.

**Application to Proceed Without Prepaying Fees or Costs**

Congress requires federal courts to collect a filing fee from any party instituting a civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed in forma pauperis ("IFP").

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the

complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Nevertheless, having reviewed the information contained in the Application, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

## Standard Under 28 U.S.C. § 1915

While federal law allows qualifying individuals to proceed IFP, the designation is subject to statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3)

seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the Court must interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support a plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id*. at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## Background

This case is closely related to another pending matter, *Gilmore v. Cape Girardeau City*, No. 1:22-cv-00022-AFG (E.D. Mo. 2022). In that case, Plaintiff alleges that on May 20, 2020, Cape Girardeau police officers used excessive force during his arrest, resulting in injuries. That case remains pending, with summary judgment motions due no later than March 7, 2025.

## The Complaint

Plaintiff is currently detained at the Mississippi County Jail in Charleston, Missouri. (ECF No. 1). He brings the present action under 28 U.S.C. § 1983 against Wes Blair (Chief of Police,

3

City of Cape Girardeau), Mark Welker (prosecutor), Angel Woodref (prosecutor), the City of Cape Girardeau ("City"), and Cape Girardeau County ("County"). *Id.*

This matter stems from the criminal proceeding that followed the May 2020 encounter. Plaintiff asserts that Defendant Blair withheld video footage of the incident during his prosecution. Plaintiff contends that Defendants Welker and Woodref—the prosecutors that handled the resulting criminal proceeding—were complicit in Blair's obstruction. He also asserts *Monell* liability against the City and County. He seeks $10 million in damages.

## Discussion

### 1. Defendants Angel Woodref, Mark Welker, and Cape Girardeau County

Plaintiff sues Defendants Woodref and Welker for malicious prosecution. He asserts *Monell* liability against the County as their employer.

#### A. Official Capacity

Claims against government employees in their official capacities are treated as claims against the employing entity. *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). Thus, to establish liability against the County for the prosecutors' actions, Plaintiff must show that their alleged misconduct resulted from (1) an official County policy, (2) an unofficial County custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Monell v. Dep't of Soc. Servs. of City of New York*.

Plaintiff does not identify any policy, custom, or training deficiency attributable to the County. He states only: "I'm suing Cape County because the[y] are the emp[l]oying entity of the Prosecutors." (ECF No. 1 at 5). While a plaintiff need not explicitly plead the existence of an unconstitutional policy or custom, he must allege facts which would support the existence of such a policy or custom. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th

Cir. 2003). Plaintiff fails to do so in this case. What is more, a county government cannot be held liable under § 1983 solely because it employs an alleged wrongdoer. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality . . . cannot be liable on a respondeat superior theory[.]"). Furthermore, a single incident is generally insufficient to establish *Monell* liability. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991). For these reasons, the Court will dismiss Plaintiff's claims against Cape Girardeau County, as well as Plaintiff's official-capacity claims against Defendants Woodref and Walker.

### B. Individual Capacity

Plaintiff also sues Defendants Woodref and Walker in their individual capacities. It is well established that prosecutors have absolute immunity for claims arising from acts performed within their official authority. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987); *see also Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government."); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process."). This immunity extends to allegations of bad faith or malice by a prosecutor. *See Powers v. City of Ferguson*, 229 F. Supp. 3d 894, 899 (E.D. Mo. Jan. 17, 2017) ("Allegations of improper motive in the performance of prosecutorial functions will not defeat immunity."); *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) ("Immunity is not defeated by allegations of malice, vindictiveness, or self-interest."); *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed

5

exculpatory evidence); *see also Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976) (It is "better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.").

All of Plaintiff's allegations against Defendants Woodref and Walker relate to their prosecutorial duties. Accordingly, the Court finds that Defendants Woodref and Walker are entitled to absolute immunity in their individual capacities.

**2. Defendant Wes Blair and the City of Cape Girardeau**

Plaintiff sues Chief Blair for malicious prosecution, "unlawful incarceration," and intentional infliction of emotional distress. He asserts *Monell* liability against the City.

### A. Individual Capacity

Plaintiff alleges that Defendant Blair withheld favorable video evidence, but also claims that the prosecutors reviewed and withheld the same evidence. This internal inconsistency undermines his claim that Defendant Blair was directly responsible for the alleged constitutional violations. To establish liability under § 1983, a plaintiff must show "a causal link to, and direct responsibility for" the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Because Plaintiff fails to plead Defendant Blair's personal involvement in the prosecution, his individual-capacity claims must be dismissed. *See Madewell*, 909 F.2d at 1208.

### B. Official Capacity

Plaintiff alleges that Defendant Blair works for the City of Cape Girardeau. As explained above, an official-capacity suit against an individual is, in effect, a suit against the employing governmental entity. *Banks*, 875 F.3d at 878. Accordingly, as with the County, Plaintiff must show (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick*, 883 F.3d at 1079.

Plaintiff's facts are insufficient to establish a constitutional violation by Defendant Blair or a policy, custom, or training deficiency attributable to the City. For these reasons, the Court will dismiss Plaintiff's official-capacity claims against Blair, as well as his claims against the City.

### Motions to Amend

Plaintiff has filed two Motions to Amend the Complaint. (ECF Nos. 5, 8). Under Local Rule 4.07, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed." Plaintiff did not submit a proposed amended pleading with either motion. Self-represented litigants are not excused from compliance with procedural and local rules. *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). Consequently, the Court will deny Plaintiff's Motions to Amend.

### Conclusion

For the foregoing reasons, the Court will (1) grant Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2); (2) deny Plaintiff's Motion for Appointment of Counsel (ECF No. 3); (3) deny Plaintiff's Motions to Amend the Complaint (ECF Nos. 5, 8), and (4) dismiss this action under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $1.00 **within thirty (30) days** of the date of this order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and shall include upon it his name, prison registration number, the case number, and a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all remaining motions (ECF Nos. 3, 5, 8) are **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of March, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE